# STATE OF MICHIGAN

# COURT OF APPEALS

CINTHIA S. MURILLO,

       Plaintiff-Appellant,

v

KEVIN MICHAEL HAFF, a/k/a KEVIN
MICHAEL HAFF-ROBYDEK,

       Defendant-Appellee.

UNPUBLISHED
December 10, 2015

No. 323027
Kent Circuit Court
LC No. 13-009194-NO

Before: OWENS, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

Plaintiff Cinthia S. Murillo appeals as of right the trial court's order granting defendant Kevin Michael Haff's motion for summary disposition pursuant to MCR 2.116(C)(7) and (10). We affirm.

On March 18, 2011, plaintiff was a student in the 10th grade at the Godfrey-Lee Alternative School in Kent County. At approximately 2:50 p.m., after classes ended, she walked onto the grounds of the Godfrey-Lee High School intending to confront a student. A physical fight ensued between plaintiff and two students. Defendant, a special education teacher at the Godfrey-Lee High School, was inside the school building and was notified by another school employee about the fight. Defendant and three other teachers went to the fight and intervened. Defendant testified at his deposition that he restrained plaintiff, asked her whether she was alright, and released her when she said that she was fine. Then, plaintiff attacked a girl that was being restrained by another teacher. Defendant again restrained plaintiff. She resisted his restraint. During the struggle, plaintiff's right arm was broken. On September 26, 2013, plaintiff sued defendant on two counts, negligence and assault and battery. Defendant argued that he was immune from liability under MCL 380.1312 and MCL 691.1407 and moved the trial court for summary disposition. The trial court granted his motion on both counts.

We review de novo a trial court's ruling on a motion for summary disposition. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The applicability of immunity is likewise reviewed de novo on appeal. *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011). MCR 2.116(C)(7) provides for summary disposition when a claim is "barred because of . . . immunity granted by law . . . ." The movant may submit affidavits, depositions,

admissions, or other documentary evidence in support of the motion if substantively admissible. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). The complaint's contents are accepted as true unless contradicted by the documentary evidence. *Id.* This Court must consider the documentary evidence in a light most favorable to the nonmoving party for purposes of MCR 2.116(C)(7). *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id.* When, however, a relevant factual dispute does exist, summary disposition is not appropriate. *Id.*

To state a claim of negligence, a plaintiff must prove that the defendant owed a duty of care to the plaintiff, that the defendant breached this duty, and that this breach caused the plaintiff injury. *Henry v Dow Chem Co*, 473 Mich 63, 71-72; 701 NW2d 684 (2005). MCL 380.1312 provides, in pertinent part, as follows:

> (4) A person employed by . . . a local or intermediate school board or public school academy may use *reasonable physical force* upon a pupil as necessary to maintain order and control in a school or school-related setting for the purpose of providing an environment conducive to safety and learning. In maintaining that order and control, the person may use physical force upon a pupil as may be necessary for 1 or more of the following:
>
> . . .
>
> (b) For . . . the defense of another.
>
> . . .
>
> (d) To quell a disturbance that threatens physical injury to any person.
>
> . . .
>
> (5) A person employed by . . . a local or intermediate school board or public school academy who exercises necessary reasonable physical force upon a pupil, or upon another person of school age in a school-related setting, as described in subsection (4) *is not liable in a civil action for damages arising from the use of that physical force* . . . . This subsection does not alter or limit a person's immunity from liability provided under 1964 PA 170, MCL 691.1401 to 691.1415.
>
> . . .
>
> (7) In determining whether an employee . . . acted in accordance with subsection (4), *deference shall be given to reasonable good-faith judgments made by that person*. [Emphasis added.]

There is no dispute that, at the time of the incident, defendant was employed by Godfrey-Lee High School, that plaintiff was a pupil or a "person of school age in a school-related setting," and that, after entering the premises of the Godfrey-Lee High School, plaintiff engaged in a physical altercation with two other girls. Defendant testified that, after he had initially released plaintiff from his grasp in a safe manner, the following occurred:

> And then she jumped on top of the other girl [who was being restrained by another teacher], grabbed her hair and started punching her, so that's when I restrained her again.

Defendant explained that plaintiff began punching the other girl while she was defenseless, and the punches were directed "towards the face and the head." A video of the incident, apparently recorded on the cellular telephone of another student, shows defendant attempting to restrain plaintiff after she started attacking the other student. Defendant testified that he tried to restrain her by employing a restraint technique that he was trained to use and which he had used numerous times in a prior job. The technique was designed to enable the restrainer to safely restrain another person. Defendant testified that he was unable to use this technique effectively on plaintiff because she was struggling against him. The video shows plaintiff kicking her legs in an effort to escape defendant. Plaintiff argues that defendant forced her downward and that this motion resulted in her breaking her arm. While defendant turned plaintiff to the right, he did not appear to direct her downward; rather, the downward motion was the result of plaintiff's own struggles, and chiefly her wild kicking. Plaintiff testified in her deposition that she did not struggle against defendant and did not fight him in an attempt to get away, but any reasonable person viewing the video would conclude that plaintiff's assertions had no basis in fact. Indeed, the video reveals actions by defendant that reflected, given the circumstances, the imposition of limited, necessary, and very reasonable physical force, along with the exercise of reasonable good-faith judgment.

We conclude that plaintiff failed to establish a question of fact as to whether defendant used necessary and reasonable physical force in restraining plaintiff. *Widdoes v Detroit Pub Sch*, 242 Mich App 403, 412-413; 619 NW2d 12 (2000). Therefore, defendant was immune from liability under MCL 380.1312 and the trial court properly granted defendant's motion for summary disposition. Moreover, defendant was additionally protected by immunity under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. Under the facts discussed above, and with respect to the tort of negligence alleged by plaintiff, there is no triable question of fact that defendant was acting in the course of his employment with the school, which was exercising a governmental function, that defendant was acting within the scope of his authority, and that defendant's conduct did not amount to gross negligence, i.e., reckless conduct demonstrating a substantial lack of concern that an injury would result. MCL 691.1407(2) and (7)(a). Accordingly, defendant was shielded by governmental immunity from plaintiff's negligence claim. *Odom*, 482 Mich at 479-480. Also, under the facts discussed above, and with respect to plaintiff's intentional tort claim, assault and battery, there is no triable question of fact that defendant was acting in the course of his employment, that defendant was acting within the scope of his authority, that defendant's actions were discretionary, and that the challenged

conduct was undertaken in good faith, absent any malice. *Id.* at 480. Accordingly, defendant was shielded by governmental immunity from plaintiff's assault and battery claim. *Id.*

Affirmed. Having fully prevailed on appeal, defendant is awarded taxable costs pursuant to MCR 7.219.

/s/ Donald S. Owens
/s/ William B. Murphy
/s/ Joel P. Hoekstra